# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

CHARLES J. QUINN,                           :
                                            :
                    Plaintiff               :    Civil Action
                                            :
              vs.                           :    No. 10-CV-01512
                                            :
WORLDWIDE COMMUNICATIONS, INC.              :
      d/b/a PWI.NET,                        :
WORLDWIDE INTERNET INC.,                    :
ACELLUS COMMUNICATIONS, INC., and           :
DARRELL MCDOWELL                            :
                                            :
                    Defendants              :
                                            :

_____

HENRY S. PERKIN                               February 16, 2011
UNITED STATES MAGISTRATE JUDGE

## MEMORANDUM

This matter is before the court on the Motion of

Defendants, Worldwide Communications, Inc., PWI.net, Worldwide

Internet Inc. and Acellus Communications, Inc., to Dismiss

Plaintiff's Complaint.[1]  The motion was filed on August 20,

2010.[2]  For the reasons expressed below, we grant Defendants'

motion in part and deny it in part.

Specifically, we deny Defendant's motion to dismiss

Counts I, II, and V of Plaintiff's Complaint.  Defendant's motion

to dismiss Counts III, IV, VI and VII is granted without

---

[1]     Although the title of the motion to dismiss does not reference
Defendant Darrell McDowell, the Court has reviewed the motion and memorandum
of law in support and has concluded that Defendant Darrell McDowell also seeks
dismissal of Plaintiff's Complaint.

[2]     On September 14, 2010, Plaintiff Charles J. Quinn's Reply to
Defendants' Motion to Dismiss was filed.

prejudice for Plaintiff to file an Amended Complaint with respect to those claims against Defendants Worldwide Communications, Inc., PWI.net, Worldwide Internet Inc., Acellus Communications, Inc., and Darrell McDowell.

PROCEDURAL HISTORY

This case commenced with the filing of a seven-count civil Complaint in this Court on April 6, 2010. Plaintiff Charles J. Quinn ("Quinn") alleges breach of contract (Count I), a violation of Pennsylvania's Wage Payment and Collection Law (Count II), fraud and misrepresentation (Count III), breach of fiduciary duty of a major shareholder (Count IV), promissory estoppel (Count V), a violation of the Pennsylvania Securities Act (Count VI), and a violation of the Federal Security Laws (Count VII). Quinn also seeks punitive damages in this matter.

STANDARD OF REVIEW

A motion to dismiss examines the sufficiency of the Complaint. Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957). In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the Complaint, exhibits attached to the Complaint, matters of public record, and documents that form the basis of the claim. Lum v. Bank of America, 361 F.3d 217, 222 n.3 (3d Cir. 2004). When considering a motion to dismiss the court must accept as true all factual allegations in the Complaint and construe all

2

reasonable inferences to be drawn therefrom in the light most favorable to the plaintiff. Jurimex Kommerz Transit G.M.B.H. v. Case Corporation, 65 Fed. Appx. 803, 805 (3d Cir. 2003) (citing Lorenz v. CSX Corporation, 1 F.3d 1406, 1411 (3d Cir. 1993)).

> [T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which [they base their] claim. To the contrary, all the Rules require is "a short and plain statement of the claim" that will give [defendants] fair notice of what the plaintiff[s'] claim is and the grounds upon which it rests.

Conley, 355 U.S. at 47, 78 S.Ct. at 103, 2 L.Ed.2d at 85. (Internal footnote omitted.)

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). In the end, we will grant a Rule 12(b)(6) motion if the factual allegations in the complaint

3

are not sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)).

## DISCUSSION

### Personal Jurisdiction

We consider first the Defendants' contention that this Court lacks personal jurisdiction over them. A district court can exercise personal jurisdiction over a non-resident defendant only "to the extent permissible under the law of the state where the district court sits." North Penn Gas Co. v. Corning Natural Gas Corp., 897 F.2d 687, 690 (3d Cir. 1990). Additionally, due process requires that the defendant have "minimum contacts" with the forum state, and that the exercise of jurisdiction comport with "traditional notions of fair play and substantial justice." Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2001) (citing International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)).

A district court may exercise either general or specific jurisdiction over a defendant, for purposes of personal jurisdiction. Remick, 238 F.3d at 255. General jurisdiction exists where the defendant maintains continuous and systematic contacts with the forum. Provident National Bank v. California Federal Savings & Loan Assoc., 819 F.2d 434, 437 (3d Cir. 1987).

Specific jurisdiction is proper only when the "cause of action arises out of [the] defendant's forum-related activities, such that the defendant 'should reasonably anticipate being haled into court' in that forum." Remick, 238 F.3d at 255. Moreover, the plaintiff bears the burden of establishing, through sworn affidavits or other competent evidence, that either specific or general jurisdiction can be exercised. Mellon Bank (EAST) PSFS, N.A. v. DiVeronica Bros. Inc., 983 F.2d 551, 554 (3d Cir. 1993). Quinn does not argue that this Court has general jurisdiction over the Defendants. Accordingly, we are only concerned with whether this Court has specific jurisdiction. See Pennzoil Products Co. v. Colelli & Assoc., Inc., 149 F.3d 197, 200-201 (3d. Cir. 1998) ("[N]o party in this case contends that there is a basis for general jurisdiction in Pennsylvania - - so we are free to consider solely whether the alternative form of personal jurisdiction is present: specific personal jurisdiction.")

As identified by the Third Circuit in Marten v. Godwin, 499 F.3d 290 (3d Cir. 2007), determining whether specific jurisdiction exists involves a three-part inquiry. O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312, 317 (3d Cir. 2007). First, the defendant must have "'purposefully directed' his activities" at the forum. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985) (quoting Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774 (1984)). Second, the plaintiff's claim must

"arise out of or relate to" at least one of those specific activities. <u>Helicopteros Nacionales de Colombia, S.A. v. Hall</u>, 466 U.S. 408, 414 (1984). Third, courts may consider additional factors to ensure that the assertion of jurisdiction otherwise "comport[s] with 'fair play and substantial justice.'" <u>Burger King</u>, 471 U.S. at 476 (quoting <u>Int'l Shoe</u>, 326 U.S. at 320).

Based on our review of the Complaint and Quinn's affidavit,[3] which we must accept as true for purposes of this decision,[4] we conclude that the minimum contacts necessary for this Court to exercise personal jurisdiction over the Defendants has been established in this matter. <u>See</u> <u>Remick</u>, 238 F.3d at 256-257. More specifically, we note the following facts which give rise to personal jurisdiction:

> Kenneth Bland ("Bland"), Defendants' Vice-President of Sales and a director who resides in New Jersey, as well as other employees of Defendants, met with Quinn in Pennsylvania on a number of occasions prior to and after the execution of the employment contract at issue. The contract employing Quinn as a Vice-President of Sales for Defendants was sent to him and executed by him in Pennsylvania. Defendants sent numerous emails and correspondence to Quinn in Pennsylvania both before and after he signed the employment contract. It was understood

---

[3]  The Affidavit of Plaintiff Charles Quinn is attached as Exhibit A to Plaintiff Charles J. Quinn's Reply to Defendants' Motions to Dismiss (Docket No. 14) filed September 14, 2010.

[4]  Courts reviewing a motion to dismiss a case for lack of *in personam* jurisdiction must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff. <u>Carteret Savings Bank, FA v. Shushan</u>, 954 F.2d 141, 142 n.1 (3d Cir.1992) (citations omitted).

and intended by Defendants that Quinn be
employed as Vice-President of Sales in large
part because he resided in and has business
connections in Pennsylvania. It was
important to Defendants that Quinn's location
in Pennsylvania afforded access to the New
York, New Jersey and Philadelphia marketing
population and funding centers. After
signing the employment contract, Quinn
performed services for Defendants in
Pennsylvania with the approval and knowledge
of Defendants. It was understood by
Defendants and Bland that the majority of
Quinn's work would be accomplished in
Pennsylvania. Defendants sent the first
$5,000 salary payment, due under the
contract, to Quinn in Pennsylvania and
promised that his second salary payment of
$5,000 would be sent to him in Pennsylvania.

The foregoing forum-related activities of Defendants establish

personal jurisdiction such that Defendants "should reasonably

anticipate being haled into court" in Pennsylvania. Remick, 238

F.3d at 256-257. Accordingly, this Court has personal

jurisdiction over Defendants for Plaintiff's claims alleging

breach of contract, violation of Pennsylvania's Wage Payment and

Collection Law, breach of fiduciary duty, and promissory

estoppel.

Further, we conclude, despite Defendants' argument to

the contrary, that this Court also has personal jurisdiction over

Defendants for Plaintiff's fraud and misrepresentation claims.[5]

Relying on the "effects test" set forth by the United States

---

[5]     Plaintiff's fraud and misrepresentations claims include
allegations of a violation of the Pennsylvania Securities Act and a violation
of the Federal Security Laws.

Supreme Court in <u>Calder v. Jones</u>, 465 U.S. 783 (1984), Defendants

aver that a plaintiff may only demonstrate personal jurisdiction

over intentional torts if he is able to show that:

> (1) the defendant committed an intentional
> tort;
>
> (2) the plaintiff felt the brunt of the harm
> in the forum such that the forum can be said
> to be the focal point of the harm suffered by
> the plaintiff as a result of that tort; and
>
> (3) the defendant expressly aimed his
> tortious conduct at the forum such that the
> forum can be said to be the focal point of
> the tortious activity.

<u>Marten v. Godwin</u>, 499 F.3d at 297 (citing <u>Calder</u>, 465 U.S. at

789-790.  In applying this test to the allegations asserted by

Plaintiff in this case, we conclude that Plaintiff satisfies the

first two elements.  It is alleged that Defendants committed an

intentional tort and that the negotiations, work, performance,

meetings and dealings under the employment contract took place in

Pennsylvania.  It follows, therefore, that the effects of any

intentional conduct by the Defendants stemming from the

employment contract would have been felt by Plaintiff in

Pennsylvania.

To establish that the defendant "expressly aimed" his

conduct, the plaintiff has to demonstrate "the defendant knew

that the plaintiff would suffer the brunt of the harm caused by

the tortious conduct in the forum, and point to specific activity

indicating that the defendant expressly aimed its tortious

conduct at the forum." <u>IMO Indus. V. Kiekert AG</u>, 155 F.3d 254, 266 (3d Cir. 1998).

However, this Court notes, as did the Third Circuit in <u>Remick</u>, that allegations of tortious conduct which are related to the contract giving rise to personal jurisdiction may further subject Defendants to personal jurisdiction on the tort claims. <u>Remick</u>, 238 F.3d at 260. In this case, similar to Remick, the fraud and misrepresentation claims are related to the employment contract which Quinn entered into with the Defendants. Further, it can be said that Defendants' alleged tortious conduct was expressly aimed at injuring Quinn in Pennsylvania where he lived and was working on behalf of Defendants. Thus, we conclude that this Court has personal jurisdiction over Defendants with respect to the fraud and misrepresentation claims.

<u>Venue</u>

Plaintiff seeks dismissal of the Complaint on the basis of improper venue pursuant to Fed. R. Civ. P. 12(b)(3). The federal venue statute provides as follows:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which the defendants are subject to personal

> jurisdiction at the time the action is
> commenced, if there is no district in which
> the action may otherwise be brought.
>
> .    .    .
>
> (c) For purposes of venue under this chapter,
> a defendant that is a corporation shall be
> deemed to reside in any judicial district in
> which it is subject to personal jurisdiction
> at the time the action is commenced. In a
> State which has more than one judicial
> district and in which a defendant that is a
> corporation is subject to personal
> jurisdiction at the time an action is
> commenced, such corporation shall be deemed
> to reside in any district in that State
> within which its contacts would be sufficient
> to subject it to personal jurisdiction if
> that district were a separate State, and, if
> there is no such district, the corporation
> shall be deemed to reside in the district
> within which it has the most significant
> contacts.

28 U.S.C. § 1391.  Although venue may be proper in the states of

Washington or Colorado as Defendants suggest, it is clear that

venue is proper in this District where this Court has determined

that Defendants are subject to personal jurisdiction.  See 28

U.S.C. § 1391(c).  Accordingly, Plaintiff's Compliant will not be

dismissed on the basis of improper venue.

To the extent, however, that Defendants aver that this

matter should be transferred to an alternate venue based on *forum

non-conveniens*, this Court must analyze the factors set forth in

28 U.S.C. § 1404(a).  Section 1404(a) provides: "For the

convenience of parties and witnesses, in the interest of justice,

a district court may transfer any civil action to any other

district or division where it might have been brought."  28
U.S.C. § 1404(a).  In this case, the burden of establishing the
need for transfer rests with the Defendants and Plaintiff's
choice of venue should not be lightly disturbed.  <u>Jumara v. State
Farm</u>, 55 F.3d 873, 879 (3d Cir. 1995) (citations omitted).

The Third Circuit has noted that when ruling on motions
to transfer venue, courts have not limited their consideration to
the three enumerated factors in § 1404(a), which are convenience
of parties, convenience of witnesses, and interests of justice.
<u>Jumara</u>, 55 F.3d at 879.  In fact, the Third Circuit noted that
courts have also considered the following private and public
interests:

> The private interests have included:
> plaintiff's forum preference as manifested in
> the original choice; the defendant's
> preference; whether the claim arose
> elsewhere; the convenience of the parties as
> indicated by their relative physical and
> financial condition; the convenience of the
> witnesses -- but only to the extent that the
> witnesses may actually be unavailable for
> trial in one of the fora; and the location of
> books and records (similarly limited to the
> extent that the files could not be produced
> in the alternative forum).
>
> The public interests have included: the
> enforceability of the judgment; practical
> considerations that could make the trial
> easy, expeditious, or inexpensive; the
> relative administrative difficulty in the two
> fora resulting from court congestion; the
> local interest in deciding local
> controversies at home; the public policies of
> the fora; and the familiarity of the trial
> judge with the applicable state law in

11

diversity cases.

<u>Id.</u>

In reviewing the Complaint and Affidavit of Quinn, we conclude that the factors enumerated above weigh heavily in favor of maintaining this action in the Eastern District of Pennsylvania. More specifically, we note that Quinn resides in Pennsylvania; Defendants' Vice-President of Sales, a New Jersey resident, met with Quinn in Pennsylvania on a number of occasions; the employment contract at issue was sent to and executed by Quinn in Pennsylvania; Defendants corresponded with Quinn in Pennsylvania; Defendants understood and intended that Quinn be employed as Vice-President of Sales in large part because had business connections in Pennsylvania; Quinn performed services in Pennsylvania on behalf of Defendants, including contacting several Pennsylvania businesses; and Quinn's salary was sent to and paid in Pennsylvania.

Based on the foregoing, therefore, it appears that the substantial and greater parts giving rise to this action occurred in Pennsylvania. Further, Pennsylvania, allegedly having its Wage Payment and Collection Law violated, has a greater interest in this case than any other jurisdiction suggested by Defendants. We conclude, therefore, that venue is proper in this Court.

Defendants aver that to state a claim under the Pennsylvania Wage Payment and Collection Law, Plaintiff must plead that there was an actual employment relationship, that wages were earned, and that Plaintiff demands that the wages be paid.  43 P.S. § 260.9a.  Specifically, Defendants contend that because Plaintiff never specified that he earned wages, he has failed to plead a claim under the Pennsylvania Wage Payment and Collection Law.

In his Complaint, Plaintiff alleges that Defendants hired him pursuant to an employment contract.  This contract provided for wages and benefits to be paid to Plaintiff. Plaintiff's Complaint and Affidavit also aver that he performed substantial work under the contract at issue and was paid only his first month's wages.  Plaintiff continued to work while being promised wages, which he never received.

Based on the allegations contained in Plaintiff's Complaint and Affidavit, which we must accept as true, we conclude that it is not free and clear from doubt that no viable claim exists under the Pennsylvania Wage Payment and Collection Law against Defendants.[6]  _Jurimex_, _supra_.  Accordingly, we deny

---

[6]     Although Defendants aver that Darrell McDowell cannot be held individually liable for his actions as CEO, President and majority shareholder for all of the corporate Defendants, we disagree.  In fact, the Third Circuit has upheld a decision originating from this District which concluded that the sole officers and majority shareholders of the defendant company were personally liable under the Pennsylvania Wage Payment and Collection Law for

Defendant's motion to dismiss on this basis.

Fraud and Misrepresentation

In their motion, Defendants contend that Count III of Plaintiff's Complaint, which asserts a claim for fraud and misrepresentation and seeks punitive damages as a result, must be dismissed because his claim is barred by the gist of the action doctrine. In addition, Defendants maintain that Plaintiff's fraud and misrepresentation claim (Count III), as well as those claims which are based on allegations of fraud (Counts IV, VI, and VII) fail to meet the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure. In response, Plaintiff avers that the gist of the action doctrine does not bar fraud claims where (1) a party makes false representations to induce another to continue the relationship or (2) the contract is collateral to the fraud. Plaintiff also maintains that his Complaint pleads fraud and misrepresentation with the particularity required by Rule 9(b).

Rule 9(b) of the Federal Rules of Civil Procedure provides that "a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). The United States Court of Appeals for the Third Circuit

---

delinquent pension benefit contributions. See Carpenters Health v. Ambrose, 727 F.2d 279, 282-283 (3d Cir. 1983). Accordingly, Defendants motion to dismiss Defendant McDowell in his individual capacity is denied.

has determined that in order to comply with the particularity requirement of a fraud claim, the following elements must be pled:

> (1) A specific false representation of material facts; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) the plaintiff acted upon it to his damage.

Christidis v. First Pennsylvania Mortgage Trust, 717 F.2d 96, 99 (3d Cir. 1983).

Based on our review of the Complaint, we conclude that the fraud allegations are insufficient to meet the particularity requirement of Rule 9(b). Specifically, we note that although Plaintiff claims that Defendants made various misrepresentations to him, he does not explicitly specify the time, place, speaker, and content of the alleged misrepresentations. See Saporito v. Combustion Engineering Inc., 843 F.2d 666, 675 n.15 (3d Cir. 1988), vacated on other grounds, 489 U.S. 1049 (1989)(citing Schreiber Distribution Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986)(noting that Rule 9(b) requires that the pleader "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations."))

Accordingly, we grant Defendants' motion to dismiss Count III of Plaintiff's Complaint. In so doing, we also dismiss

Plaintiff's claim for punitive damages.  Further, because
Plaintiff's claims of breach of fiduciary duty (Count IV),
violation of the Pennsylvania Securities Act (Count VI), and
violation of the Federal Security Laws (Count VII) are all based
on Plaintiff's allegations of fraud and misrepresentation, we
grant Defendants' motion to dismiss those counts as well.  At
this time, we reserve comment on the gist of the action doctrine
because, as more fully explained below, we will allow Plaintiff
an opportunity to amend his fraud claims (Counts III, IV, VI, and
VII) as well as his claim for punitive damages.

     We recognize that Rule 15(a) of the Federal Rules of
Civil Procedure permits a party to amend a pleading "once as a
matter of course at any time before a responsive pleading is
served."  Fed.R.Civ.P. 15(a).  A motion to dismiss is not a
responsive pleading and does not extinguish the right to amend an
initial pleading.  Shane v. Fauver, 213 F.3d 113, 115 (3d Cir.
2000); Kronfeld v. First Jersey National Bank, 638 F.Supp. 1454,
1460 (D. N.J. 1986).  Therefore, when a defendant asserts the
defense of failure to state a claim by motion, a plaintiff may
amend the complaint once "as a matter of course" without leave of
court.  Shane, 213 F.3d at 115.

     Defendants did not file an answer to Plaintiff's
Complaint but instead filed a motion to dismiss.  Because
Defendants have not yet filed an answer to Plaintiff's Complaint,

Plaintiff may, as a matter of right, amend his fraud and misrepresentation claims against Defendants. Fed.R.Civ.P. 15(a). DEfendants' motion does not extinguish Plaintiff's right to amend his Complaint. <u>Shane</u>, 213 F.3d at 115; <u>Kronfeld</u>, 638 F.Supp. at 1460. Accordingly, we will allow Plaintiff to file an Amended Complaint for the purpose of amending his fraud and misrepresentation claim (Count III), as well as those based on allegations of fraud (Counts IV, VI, VII) as to Defendants. Plaintiff shall file his Amended Complaint by March 15, 2011.[7]

CONCLUSION

For all the foregoing reasons, we deny Defendant's motion to dismiss Counts I, II, and V of Plaintiff's Complaint. Defendant's motion to dismiss Counts III, IV, VI, and VII is granted without prejudice for Plaintiff to file an Amended Complaint with respect those claims against Defendants Worldwide Communications, Inc., PWI.net, Worldwide Internet Inc., Acellus Communications, Inc., and Darrell McDowell.[8]

An Order consistent with this Memorandum follows.

---

[7] Plaintiff should be mindful of the <u>Christidis</u> and <u>Saporito</u> cases cited *supra*, which set forth the requisite standard for pleading fraud in accordance with Rule 9(b).

[8] Although Defendants argue that Defendant McDowell can not be held personally liable for the tortious acts of the corporation unless he participates in the tortious action, we will allow Plaintiff an opportunity to replead his fraud and misrepresentation claims against Defendant McDowell individually and reserve comment at this time.